UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:16-CR-28-PLR-CLC |
| | ) | |
| JAUNTE ANTWAN SARDEN | ) | |

# MEMORANDUM AND ORDER

On June 20, 2016, this Court conducted a Change of Plea Hearing as to defendant Jaunte Antwan Sarden. Mr. Sarden entered a guilty plea as to Count I of the Indictment. During the hearing, the Court addressed Mr. Sarden's motion for transfer to the Bureau of Prisons for medical treatment and/or presentence physical study under 18 U.S.C. 3552(b) [R. 18]. In that motion, Mr. Sarden's counsel requested that the Court transfer Mr. Sarden for medical treatment because of a serious medical condition. The government did not object to Mr. Sarden's motion. After hearing of Mr. Sarden's condition, the Court granted his motion for medical treatment. [R. 18].

Mr. Sarden was examined by health officials at the Claiborne County Detention Center on Tuesday, July 5, 2016. Health officials determined that Mr. Sarden requires surgery to correct his condition. Moreover, health officials advised that due to the severity of Mr. Sarden's condition, they recommend that he be transferred to a medical facility for the needed procedure and recovery.

The Sixth Circuit has opined "a person detained in custody is entitled to medical treatment when necessary on account of illness or injury[.]" *Shannon v. Lester*, 519 F.2d

76, 79 (6th Cir. 1975). The Court is unaware of any formal procedure for obtaining a physical evaluation at a federal medical facility similar to that available for mental examinations, *see* 18 U.S.C. § 4241, et seq. Nevertheless, Congress has contemplated that such examinations might occur as reflected by its provision of a basis for exclusion of time in the Speedy Trial Act for "delay resulting from any proceeding, including examinations, to determine the mental competency or physical capacity of the defendant." *See* 18 U.S.C. § 3161(h)(1)(A). Accordingly, the Court will apply the "reasonable cause" standard used to ascertain whether the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(a).

The Court has reviewed the medical records presented by Mr. Sarden proffered at the June 20, 2016 hearing as well as the recommendation from the health officials at the Claiborne County Detention Center. In light of this information, the Court finds that the defendant, Mr. Juante Antwan Sarden, has shown reasonable cause that he should transported to FMC Lexington as a detainee pending sentencing and any other pretrial hearings for a physical evaluation for further treatment of his condition.

In so ruling, the Court is not making a finding that the Claiborne County Detention Center provided improper or inadequate treatment to the defendant. However, this defendant has unique medical needs and problems, requires unique medical care and treatment, and his continuing complaints have already resulted in considerable expenditures of time, effort, and cost on the part of the Court, the attorneys on both sides,

2

jail personnel and the Marshal's Service. Therefore, in light of the defendant's persistent health problems, the fact that the defendant's attorney feels it is in the defendant's best interest medically to undergo physical evaluation and treatment at a federal medical center, the fact that the Court also believes the requested evaluation is in the defendant's best interest based upon the defendant's representations and the medical records provided, and the fact that the government does not object to this motion, the Court expressly finds and holds that the defendant should be transported to FMC Lexington for medical purposes, it being in the defendant's best medical interest.

Accordingly, the Court the defendant's Motion [Doc. 18] is **GRANTED**, and it is hereby **ORDERED**, as follows:

1. The defendant shall remain in custody to await designation by the Bureau of Prisons for confinement in a suitable facility for the purpose of conducting a physical examination by one or more licensed medical personnel. The Court recommends that this evaluation take place at the United States Medical Center for Federal Prisoners in Lexington, Kentucky. Once designation of the facility is received, the defendant shall be transported by the United States Marshal's Office to such facility.

2. The purpose of the evaluation shall be:

    a. for conducting a physical examination by one or more licensed medical professionals; and
    b. for the purpose of determining the nature and extent of his condition and the recommended course of treatment.

3. Upon the defendant's arrival at the facility, the staff shall notify defense counsel, who shall forward the defendant's medical records to the facility.

4. The defendant shall be given any necessary medications or treatment if determined appropriate by the medical staff at the facility.

5. The examiner and/or examiners designated to conduct such examinations shall file with the Court as soon as possible after the completion of such examinations, but

no later than two months from receipt of the defendant at the facility, a report of their examinations with copies provided to counsel for the defendant and counsel for the United States, and said report shall include:

   a. defendant's history and present symptoms;
   b. description of the physical examinations, medical tests, and treatment that were employed and their results;
   c. examiners' findings;
   d. examiners' opinions as to diagnosis and prognosis, and
   e. the type of treatment that the defendant requires for his condition.

6. The defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time. The defendant will be deemed committed to the custody of the Attorney General or his designated representative for confinement at said correction facility and kept separate to the extent practicable for persons awaiting sentences or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.

7. That the defendant be **FORTHWITH RETURNED** to the custody of the United States Marshal at the conclusion of his evaluation and treatment or at such time that this Court so orders. Upon order of this Court or a Court of the United States or upon request of the attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshals for the purpose of an appearance in connection with a Court proceeding.

   **IT IS SO ORDERED.**

_/s/ Pamela L. Reeves_
**UNITED STATES DISTRICT JUDGE**