# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:16-CR-28 |
| | ) | REEVES |
| JAUNTE ANTWAN SARDEN | ) | |

**MEMORANDUM AND ORDER**

Before the Court are Defendant Jaunte Antwan Sarden's *pro se* motions for resentencing under the First Step Act [D. 41] and for a post-sentencing modification of his Presentence Investigation Report [D. 45]. For the reasons that follow, both motions will be **DENIED**.

I.     Background

On November 10, 2016, Mr. Sarden was sentenced to a term of imprisonment of 90 months, followed by 5 years of supervised release, for conspiracy to distribute and possession with the intent to distribute 280 grams or more of a mixture and substance containing a detectable amount of cocaine base. [D. 37].

On January 10, 2019, Mr. Sarden sent a letter to the Court "to request a chance for resentencing" under the First Step Act, which "expand[ed] the safety valve" in certain circumstances. [D. 41]. On December 5, 2019, the Government responded to Mr. Sarden's letter. [D. 44].

On May 1, 2020, Mr. Sarden sent a letter to the Court asking the Court to remove an "item" from his Presentence Investigation Report ("PSR") to assist him as he works to

be released under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). [D. 45]. Specifically, Mr. Sarden asks the Court to remove "an item from while being under the care of my mother at age 15." [*Id.*].

II. **Motion for Resentencing Under the First Step Act**

Mr. Sarden asks the Court to resentence him under the First Step Act. Specifically, Mr. Sarden desires to be considered for the broadened statutory safety-valve provision in 18 U.S.C. § 3553(f) as amended by Section 402 of the First Step Act.

18 U.S.C. § 3553(f) allows district courts to impose a sentence "without regard to any statutory minimum sentence, if the court finds" that a defendant has satisfied certain statutory requirements. Section 402 of the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act (the "First Step Act") expanded this statutory safety-valve provision. Pub. L. 115-391, 132 Stat. 5194 (2018). But Section 402 of the First Step Act applies "only to a conviction entered on or after the date of enactment of th[e] Act." 123 Stat. at 5221.

Here, Mr. Sarden's sentence was imposed on November 10, 2016, long before the enactment of the First Step Act. By its own terms, Section 402 of the First Step Act only applies to convictions entered "on or after the date" of the First Step Act's enactment. 123 Stat. at 5221. In other words, Section 402 of the First Step Act does not apply retroactively. *See United States v. Sanchez*, 795 F. App'x 704, 707 (11th Cir. 2019). Consequently, this motion will be denied.

### III. Motion to Amend Presentence Investigation Report

Mr. Sarden also asks the Court to remove an unidentified "item" from his PSR that occurred "while under the care of [his] mother at 15." [D. 45]. Presumably, Mr. Sarden asks the Court to remove a juvenile offense listed in the report. [D. 25, pp. 10–11, ¶¶ 47–51]. Mr. Sarden asserts that removal of the offense from his PSR will lower his "recidivism score" with the Bureau of Prisons. Mr. Sarden believes this will assist his chances as the BOP reviews his case for home confinement under the CARES Act.

Mr. Sarden cites no rule or statute as the basis for his request, but the Court presumes that he brings his request under Federal Rule of Criminal Procedure 32(d), which governs PSRs. *See* Fed. R. Crim. P. 32(d). However, courts have uniformly held that once a district court imposes a sentence, it lacks jurisdiction under Rule 32 to hear challenges to a PSR. *See United States v. Sarduy*, 838 F.2d 157 (6th Cir. 1988) ("We hold that [Rule 32], standing alone, does not provide the district court with jurisdiction to hear a motion making a post-judgment collateral attack on one's sentence for a Rule 32 violation.") (quoting *United States v. Fischer*, 821 F.2d 557 (11th Cir. 1987)); *see also United States v. Angiulo*, 57 F.3d 38, 41 (1st Cir. 1995) ("Rule 32 provides no independent foundation for a post-sentence motion to correct a [PSR]."); *United States v. Catabran*, 884 F.2d 1288, 1289 (9th Cir. 1989) ("Rule 32 allows the defendant to challenge factual inaccuracies during imposition of the sentence, not later.") (citation omitted); *United States v. Ursillo*, 786 F.2d 66, 69 (2d Cir. 1986) ("We have found no reported case in which a court held that Rule 32 standing alone furnished the jurisdictional basis for a belated post-sentencing attack on the

3

accuracy of a presentence report."); *see, e.g.*, *United States v. Cross*, No. CR 18-00065 HG, 2019 WL 6357964, at *2 (D. Haw. Nov. 27, 2019) (stating that a district court "lacks the authority to order a post-sentencing modification of the Presentence Investigation Report").

Here, Mr. Sarden asks the Court to remove a portion of his PSR long after his sentence has been imposed. However, under Rule 32, the Court lacks jurisdiction to amend the PSR in this manner. *See, e.g.*, *Cross*, No. CR 18-00065 HG, 2019 WL 6357964, at *2. Consequently, this motion will be denied.

### IV. Conclusion

In light of the foregoing, Mr. Sarden's motions for resentencing [D. 41] and for a post-sentencing modification of his Presentence Investigation Report [D. 45] are both **DENIED**.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**